## THE KENSINGTON.

(District Court, S. D. New York. December 21, 1898.)

PERSONAL INJURIES—FELLOW SERVANT—FOREMAN AND WORKMEN—BAGS NOT TIGHTLY SLUNG.

The libelant, who was working in the hold of the K., was hurt by some bags that fell from above while loading from a lighter, because the sling inclosing the bags was not tightly drawn. The stevedore's foreman, passing as the sling was going aboard, noticed that it was not very tight, and endeavored to make it tighter and then let it pass. There was no defect or imperfection in any of the tools, appliances or machinery on the ship, but the load was not heavy enough to draw the sling tight. The foreman's aid in tightening was only such as belonged to the workmen themselves to attend to; *held* that in this act the foreman was a fellow workman only, and his act or negligence did not make the ship liable.[1]

In Admiralty.

J. S. Tompkins, for libelant. ·

Robinson, Biddle & Ward, for claimant.

BROWN, District Judge. On the 14th of September, 1897, the libelant was at work in the hold of the Kensington upon a platform or stool built up of bags of malt immediately beneath the hatch, and was there receiving drafts of bags let down the hatch in loading and was arranging them for distribution in the hold; while thus at work he was injured by the fall of a draft of several bags from the top of the hatch above; his ankle was broken, resulting in some permanent injury. The above libel was filed to recover compensation.

The fall of the draft was caused, according to the libelant's testimony, from insufficient tightness of the slings in which the draft, consisting of seven bags, was held. His witnesses say that as the draft came up from the lighter alongside of the ship with nine bags, two of them were seen to be torn, and on that account were ordered to be taken out of the draft and removed; that the other bags were left somewhat irregular, and in hoisting them were not jammed tight enough to be held securely, and so fell as they were raised and brought over the hatch. The defendant's witnesses say that there were no torn bags in the draft; that the bags were light, and that as they came on the skid towards the hatch they were seen to be irregularly piled and loosely held, and for that reason were ordered by the foreman of the stevedore to be rearranged so as to be held more tightly; but that the weight of the bags was not sufficient to draw the sling

---

[1] As to who are fellow servants, see note to Railroad Co. v. Smith, 8 C. C. A. 668, and, supplemental thereto, note to Railway Co. v. Johnston, 9 C. C. A. 596.

tightly so that some fell out. The defendant's witnesses also testify that several calls were made from the top of the hatchway to those beneath to stand from under; that other workmen in the hold near the libelant got out of the way; but that the libelant, who was inattentive and talking to some person below, did not stir, and on that account was hit by the falling bags.

The fact that it was the foreman of the stevedore's gang who stopped the draft to make it tighter, and did not in fact make it perfectly secure, is not sufficient to make the ship liable. There is no question here of proper tools, proper appliances, or proper machinery. It was no more the foreman's duty to see that each draft was properly placed and securely slung than that of the other men who were arranging the bags in the slings. In doing this work he was doing the same duty that belonged to the other workmen, and was acting as a fellow servant in the general work of lowering the bags. The case of Quinn v. Lighterage Co., 23 Fed. 363, seems in this respect entirely analogous, where the master in acting as a winchman was held to be a fellow servant with the person injured.

Besides the above difficulty in the way of the libelant's recovery, the evidence of inattention on the part of the libelant to the hails from above when danger was seen, seems to me sufficient to preclude his recovery.

I think the libel must therefore be dismissed, but under the circumstances without costs.